# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20442
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2018

Lyle W. Cayce
Clerk

RICKY LEE STROBLE,

Petitioner–Appellant,

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-3290

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Ricky Lee Stroble, Texas prisoner # 1594772, appeals the district court's decision to dismiss as time barred his 28 U.S.C. § 2254 application in which he sought to challenge his convictions and sentences for aggravated sexual assault of a child younger than 14 years old and indecency with a child. This court granted Stroble a certificate of appealability (COA) on the issue whether

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the amended state postconviction applications that Stroble submitted in April 2012 were properly filed thus tolling the one-year statute of limitations under 28 U.S.C. § 2244(d)(2).

Although we liberally construe briefs filed by pro se litigants, even they must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also* FED. R. APP. P. 28(a) (enumerating what an appellant's brief must contain). In his opening brief, Stroble presses the merits of the substantive claims he raised in his § 2254 application. Because he has failed to argue that his April 2012 submissions were properly filed in the state court, he has abandoned the sole issue on which this court granted a COA. *See Goodrum v. Quarterman*, 547 F.3d 249, 259 n.49 (5th Cir. 2008) (explaining that arguments not raised in a § 2254 applicant's opening brief in this court are waived).

Stroble is incorrect in contending in his reply brief that, in granting a COA, this court agreed with his position that his April 2012 state court writs were properly filed under § 2244(d)(2). The COA inquiry does not permit this court to engage in a full consideration of the factual and legal bases for the claim; thus, an applicant can obtain a COA without establishing that an appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Indeed, in granting a COA, this court determined only that reasonable jurists would debate whether Stroble's position was correct. The effect of the COA was simply to afford Stroble the ability to have this issue fully considered on appeal. Accordingly, the district court's judgment is AFFIRMED. Stroble's motions for leave to file an appendix, reconsideration of the denial of his motion to file an amended appellate brief, in camera review of evidence, and suspension of the rules are DENIED.